IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GUTIERREZ, | : | CIVIL NO. 3:CV-09-2576 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN B.A. BLEDSOE, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner James Gutierrez ("Gutierrez"), an inmate currently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Gutierrez is challenging the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. He seeks a sentence credit of 870 days for time he spent in a federal prison under a writ of habeas corpus ad prosequendum.

The petition was served and respondent filed a timely response. (Doc. 11.) Petitioner then filed a traverse. (Doc. 12.) However, on July 14, 2010, respondent moved to stay the matter because Gutierrez had a motion to clarify his judgment and commitment order pending before the United States District Court for the Eastern District of New York. (Docs. 18-19.) The motion was granted and the matter was stayed pending disposition of Gutierrez' motion. (Doc. 20.) On August 2, 2011, the Court was notified that Gutierrez' motion was denied. (Doc. 26.) The stay was lifted on August 22, 2011 (Doc. 27), and respondent was

afforded the opportunity to supplement his response and Gutierrez was allowed to file a supplemental traverse. Both parties filed supplements. (Docs. 28-29.) The petition is now ripe for disposition and, for the reasons that follow, the petition will be denied.

I.  **Background**

On May 28, 1993, Gutierrez was arrested by local authorities in the State of California and charged with robbery. (Doc. 3, at 2.) On June 4, 1993, he was sentenced to a two-year term of imprisonment on the robbery charge and a five-year term of imprisonment for having violated his parole on an earlier offense. (Doc. 3, at 2; Doc. 11-2, at 3, ¶ 2; Doc. 11-2, at 17.)

On October 1, 1993, while serving his state sentence, Gutierrez was borrowed by the United States Marshal's Service on a writ of habeas corpus ad prosequendum to answer to a federal charge of Murder in the Aid of Racketeering and remained in a federal prison until he was sentenced by the United States District Court for the Eastern District of New York on February 15, 1996. (Doc. 3, at 2; Doc. 11-2, at 3, ¶ 4; Doc. 11-3, at 2.) On that date, Gutierrez was sentenced to a twenty-year term of imprisonment, which was ordered to run consecutive to the state sentence he was serving in California. (Doc. 3, at 2; Doc. 11-3, at 6.) He remained in the secondary custody of federal authorities until February 20, 1996, at which time he was returned to state custody. At that time, United States Marshal's Service filed a detainer with the State of California requiring that he be released to federal authorities at the conclusion of service of his state sentence. (Doc. 11-2, at 3, ¶ 4.)

On December 2, 1997, state officials relinquished custody of Gutierrez to federal

authorities. (Doc. 11-3, at 10.) On June 2, 1998, his sentence was amended to run concurrent to the State of California sentence, which necessitated a recomputation of his federal sentence. (Doc. 11-3, at 13.) The BOP explains the manner in which his sentence was re-computed as follows:

> In accordance with the Bureau of Prisons' ("BOP") Program Statement 5880.28 (P.S. 5880.28), Sentence Computation Manual (CCCA) of 1984, and 18 U.S.C. §§ 3584(a) and 3585(a), the BOP prepared a sentence computation for Gutierrez, commencing his federal sentence on February 15, 1996, the date it was imposed by the court. See Farrar Decl. (Ex. 1) ¶ 7; P.S. 5880.28, at 1-12 and 1-13 (Attach. 7) at 48; Sentence Monitoring Computation Data (Attach. 8) at 51. Prior custody credit of seven days was applied against Gutierrez' sentence in accordance with 18 U.S.C. § 3585(b) and under the provisions of Willis v. United States, 438 F.2d 923 (5th Cir. 1971), for the date of Gutierrez' arrest on May 28, 1993, through the day before the sentence commenced on June 4, 1993. See Farrar Decl. (Ex. 1) ¶ 8; Sentence Monitoring Computation Data (Attach. 8) at 51; P.S. 5880.28, p. 1-14 (Attach. 9) at 54; P.S. 5880.28, p. 1-22 (Attach. 10) at 56.
>
> Thus, the date that Gutierrez' computation began is February 15, 1996. See Farrar Decl. (Ex. 1) ¶ 9. Adding the term in effect of twenty years arrives at an expiration full term date of February 14, 2016. See id. Subtracting the prior custody credit renders an adjusted full-term date of February 7, 2016. See id.
>
> Gutierrez originally had a projected release date of July 12, 2013, with the application of projected good conduct time of 940 days. See Farrar Decl. (Ex. 1) ¶ 10. Gutierrez lost ninety-four days of potential good conduct time due to disciplinary sanction. See id.; Inmate Discipline Data (Attach. 11) at 60-63. These sanctions were imposed for the following offenses: assault without serious injury (twenty-seven days), use of drugs (forty days), and possessing a hazardous tool (forty days). See id. The maximum amount of good conduct time to disallow in one year is fifty-four days. See id. Gutierrez' violations and the resulting good conduct time sanctions have reduced the potential good conduct time earning to 859 days, assuming he has no future disciplinary sanctions. See id.
>
> Gutierrez' sentence commenced on February 15, 1996, the date it was imposed, which is the earliest date it could begin in accordance with 18 U.S.C.§ 3585(a), which makes no provisions for a retroactive commencement of sentence. See

Farrar Decl. (Ex. 1) ¶ 11; Federal Judgment, Feb. 15, 1996(Attach.6) at 43-46; P.S. 5880.28, pp 1-12 and 1-13 (Attach. 7) at 48-49; and Sentence Monitoring Computation Data (Attach. 8) at 51-52.

(Doc. 11, at 4-5.)

After Gutierrez filed the instant petition, the matter was stayed pending disposition of Gutierrez' motion to clarify his judgment and commitment order pending before the United States District Court for the Eastern District of New York. (Docs. 18-19.) The stay was lifted on August 22, 2011 (Doc. 27); respondent was afforded the opportunity to supplement his response and Gutierrez was allowed to file a supplemental traverse. Both parties filed supplements which confirmed that the Gutierrez' motion was denied by the United States District Court for the Eastern District of New York on March 17, 2011. (Docs. 28-29.)

## II. Discussion

A petition for writ of habeas corpus under § 2241 is the proper vehicle for relief "where petitioner challenges the effect of events 'subsequent' to his sentence," Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity, see Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Gutierrez has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has done so in the proper district, where he is imprisoned. Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987, 18 U.S.C. § 3585; United States v. Wilson, 503 U.S.

329, 331-32 (1992), and the Attorney General has delegated this authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96. Computation of a federal sentence is governed by 18 U.S.C. § 3585, and consists of the following two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit to which petitioner may be entitled. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D.Pa. 1996).

### A.    Commencement of Sentence

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In determining the commencement of a sentence, it is therefore clear that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody. . . ." 18 U.S.C. § 3585(a). "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998)." Taylor v. Holt, 309 F.App'x 591, 592-93 (3d Cir. 2009). In the instant matter, Guiterrez' sentence was originally computed as having commenced on the date he was received into custody. However, after his sentence was amended to run concurrent to his state court sentence, Gutierrez' federal sentence was properly computed as having commenced on February 15, 1996, the date his federal sentence was imposed.

### B.    Sentence Credit

Gutierrez' position that his federal sentence should be credited for the 870-day period

of September 23, 1993 through February 15, 1996, because he was incarcerated in a federal prison under a writ of habeas corpus ad prosequendum for so long that the period of time became federal custody for which he is entitled to credit on the federal sentence is without merit. A federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum. Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002); Chambers, 920 F.Supp. at 622. This is because the state, not the federal government, remains the primary custodian in those circumstances. The jurisdiction that first arrests an offender has primary jurisdiction over the offender until that sovereign relinquishes it to another jurisdiction by, for example, bail release, dismissal of the state charges, parole release or the expiration of the state sentence. See Taylor v. Reno, 164 F.3d 440, 444 (9th Cir. 1998); Chambers, 920 F.Supp. at 622.

There is no indication that the State of California relinquished primary custody at any time. Rather, it is clear that, as evidenced by the return of Gutierrez to state custody immediately after being sentenced in federal court, and the placement of a federal detainer against him, that state authorities maintained primary custody of Gutierrez while he was in the secondary custody of federal authorities. As set forth in Ruggiano, "time spent in federal custody pursuant to a writ ad prosequendum is credited toward [a] state sentence, not [a] federal sentence." Ruggiano, 307 F.3d at 125 n. 1. The time spent in secondary federal custody was credited toward his state sentences. Thus, Gutierrez is not entitled to receive this credit toward his federal sentence.

Moreover, he is not entitled to credit for this time pursuant to 18 U.S.C. § 3585(b). The determination of whether credit is warranted for time spent in custody prior to the commencement of a federal sentence is governed by 18 U.S.C. § 3585(b). This section provides the following:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). "Congress made clear that a defendant could not receive a double credit for his detention time." Wilson, 503 U.S. at 337. When calculating credit for time accrued in custody "[t]he BOP may not give credit for time spent in state custody prior to sentencing in a federal case because 18 U.S.C. § 3585(b) prohibits this double credit." Taylor, 309 F.App'x at 593 (citing Wilson, 503 U.S. at 337). See also Chambers, 920 F. Supp. at 622.

As noted above, Gutierrez received a seven-day credit for the time between the date of his arrest by state authorities on May 28, 1993 and June 4, 1993, the date his state sentence commenced. All other time for which Gutierrez seeks credit was credited to his California state sentence and, therefore, cannot be credited to his federal sentence.

## III. Conclusion

For the reasons set forth herein, the court will deny Gutierrez' petition for writ of habeas corpus.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: September 23, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES GUTIERREZ, | : | CIVIL NO. 3:CV-09-2576 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN B.A. BLEDSOE, | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, to wit, this 23 day of September 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons stated in the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court